UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN DOUGLAS JACKSON | * | |
|     Petitioner | * | |
| | * | |
| v. | * | CIVIL NO. L-10-51 |
| | * | CR. NO. L-97-0246 |
| UNITED STATES OF AMERICA | * | |
|     Respondent | * | |

*******

MEMORANDUM

This is a motion for relief pursuant to 28 U.S.C. § 2255. Now pending is the Government's Motion to Dismiss for Lack of Jurisdiction. Docket No. 240. No hearing is necessary to decide this matter. Local Rule 105.6 (D. Md. 2008). For the reasons stated herein, the Court will, by separate Order of even date, GRANT the Government's Motion. The Clerk is DIRECTED to CLOSE the case.

**I.     Background**

After a jury trial, the Court sentenced Petitioner John Douglas Jackson to 188 months imprisonment for conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base. The Fourth Circuit upheld Jackson's conviction on direct review, and on August 28, 2003, Jackson filed a motion for relief pursuant to § 2255. This Court found all of Jackson's claims to be without merit and denied his petition on December 27, 2006. On January 24, 2008, Jackson noticed an appeal to the Fourth Circuit and moved for this Court to issue a certificate of appealability.

While his appeal was pending, Jackson filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Fourth Circuit then dismissed Jackson's appeal because

of his pending § 3582 motion. On June 18, 2009, this Court granted Jackson's § 3582 motion, lowered his sentence to 151 months, and denied his motion for a certificate of appealability.

Jackson filed the instant motion to vacate on January 7, 2010. The Government moved to dismiss for lack of jurisdiction on February 2, 2010. Jackson filed his response on March 11, 2010.

## II.     Analysis

This is Jackson's second § 2255 motion. He contends that he is entitled to collaterally attack the sentence he received when the Court granted his § 3582 motion. The Fourth Circuit has held, however, that "[a] resentencing pursuant to § 3582(c)(2) is not a de novo proceeding, but merely a form of limited remand." United States v. Smith, 11 Fed. Appx. 165, 167 (4th Cir. 2001). Thus, before this Court can consider Jackson's second § 2255 motion, he must seek and obtain an order from the Fourth Circuit authorizing this Court to consider the motion. See 28 U.S.C. §§ 2244(b), 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain [(1) newly discovered evidence, or (2) a new rule of constitutional law]."). Accordingly, Jackson's successive motion will be dismissed.

## III.    Conclusion

The Court will, by separate Order of even date, GRANT the Government's Motion. The Clerk is DIRECTED to CLOSE the case.

　　　　　　　　　　　　　　　　　　　　___/s/___
　　　　　　　　　　　　　　　　　　　　Benson Everett Legg
　　　　　　　　　　　　　　　　　　　　United States District Judge